IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND E. TAYLOR, JR., | ) | CASE NO. 3:12 CV 800 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TIMOTHY BRUNSMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    Preliminary facts, trial, conviction, and sentence . . . . . . . . . . . . . . . . . . -3-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
        1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
        2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-
        3.    Petition to vacate or set aside sentence, and resentencing . . . . . -10-
        4.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
        1.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
        2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-
        3.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-
        1.    All or parts of grounds one, two, four, and five should be dismissed
                as non-cognizable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-
            a.    Ground One – allegedly defective indictment . . . . . . . . . -23-
            b.    Ground two – denial of right of confrontation over past
                  investigation of earlier charges by victim of sexual
                  misconduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-
            c.    Ground four – manifest weight of the evidence . . . . . . . -29-
            d.    Ground five – sentencing . . . . . . . . . . . . . . . . . . . . . . . . -30-
        2.    All or parts of grounds one, two, three and five are waived, mooted
                or procedurally defaulted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

      a.      Ground one – the allegedly defective indictment  . . . . . .  -31-
      b.      Ground two – alleged Sixth Amendment violation . . . . .  -33-
      c.      Ground three – prosecutorial misconduct  . . . . . . . . . . .  -33-
      d.      Ground five – sentencing . . . . . . . . . . . . . . . . . . . . . . . .  -37-
3.      All or parts of grounds three, four, and six should be denied on the merits after AEDPA review because the decision of the state appeals court in denying these claims was not contrary to or an unreasonable application of clearly established federal law. . . . . . . . . . . . . . .  -37-
      a.      Ground three – prosecutorial misconduct  . . . . . . . . . . .  -37-
      b.      Ground four – sufficiency of the evidence  . . . . . . . . . . .  -40-
      c.      Ground six – ineffective assistance of trial counsel  . . . .  -43-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -45-

## Introduction

Before me by referral[1] is the *pro se* petition of Raymond E. Taylor, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Taylor is currently incarcerated by the State of Ohio at the Toledo Correctional Institution[3] where he is serving multiple life sentences in addition to other sentences resulting in a stated prison term of 642 years and six months.[4] The sentences were all imposed in 2009 by the Ottawa County Court of Common Pleas following

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge John R. Adams in a non-document order entered July 2, 2012.

[2] ECF # 1.

[3] Taylor was incarcerated at the Lebanon Correctional Institution when the petition was filed. ECF # 1 at 1. However, his current place of incarceration is the Toledo Correctional Institution. ECF # 20.

[4] ECF # 13-12 (state court record), at 146.

Taylor's conviction at a jury trial on ten counts of disseminating obscene material to a juvenile and seventy-one counts of rape.[5]

Taylor here raises six grounds for relief.[6] The State, in the return of the writ, argues that one ground should be denied on the merits, one ground should be dismissed as procedurally defaulted, and the remaining four grounds should be dismissed as waived or non-cognizable.[7] Taylor has filed a traverse.[8]

For the reasons that follow, I will recommend that Taylor's petition be denied in part and dismissed in part as is more fully set forth below.

## Facts

### A.  Preliminary facts, trial, conviction, and sentence

The relevant facts as set forth by the Ohio appeals court[9] are not extensive.

Taylor was the stepfather to his former wife's two daughters, K.C. and her younger sister.[10] According to K.C., Taylor began sexually abusing her when she was about nine years

---

[5] *Id.*, at 148.

[6] ECF # 1 at 5-17.

[7] ECF # 13.

[8] ECF # 17.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF # 13-18, ¶ 16.

old, and continued the abuse until she was 15 years old.[11] At that point, K.C. told a friend, who in turn informed the school principal, who then asked K.C. if her stepfather had sexual intercourse with her.[12] K.C. answered "Yes."[13]

According to K.C., the abuse took many forms but in the beginning was always short of intercourse, including having her watch pornographic movies with Taylor and Taylor showing her nude photos of himself and K.C.'s mother.[14] All the activities occurred at home while K.C.'s mother was away at work and Taylor was caring for a disabled relative who lived in the home.[15]

When K.C. was 14 in the summer of 2007, Taylor determined that K.C. was "ready" for intercourse and ordered a box of 100 condoms to be delivered by mail – condoms that Taylor did not use in relations with his wife.[16] K.C. stated that there were 40 to 43 condoms left when she decided that she could not "live with this much longer."[17] Based on K.C.'s statement that Taylor would wrap the used condoms in a paper towel and then place them in the kitchen waste basket, police retrieved a used condom from that location and tested it for

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*, at ¶ 17.

[15] *Id.*

[16] *Id.*, at ¶ 18.

[17] *Id.*

DNA.[18] The only DNA obtained from the inside of the condom was Taylor's; DNA from the outside of the condom belonged to K.C. and Taylor.[19]

An Ottawa County Grand Jury indicted Taylor in 2008 on ten counts of disseminating obscene material to a juvenile; 71 counts of rape, of which eight counts involved a victim under 13 years of age; and 60 counts of sexual battery where the offender is the other person's natural or adoptive parent, stepparent or guardian or custodian or a person *in loco parentis* to the victim.[20] Taylor, through counsel, pled not guilty.[21]

After the trial court adjudicated various pretrial motions,[22] and a jury trial was conducted, Taylor was found guilty on ten counts of distributing obscene material to a juvenile and on 71 counts of rape, with the remaining counts on the indictment not considered by the jury pursuant to the trial court's instruction.[23] Taylor was sentenced to multiple life sentences, plus other additional terms in prison, resulting in a combined sentence totaling 642 years and six months in jail.[24]

---

[18] *Id.*

[19] *Id.*

[20] ECF # 13-2.

[21] ECF # 13-3.

[22] ECF #s 13-4 through 13-9.

[23] ECF #s 13-10 and 13-11.

[24] ECF # 13-11.

## B.    Direct appeal

### 1.    *Ohio court of appeals*

Taylor, through different counsel than had represented him at trial, timely[25] appealed

his conviction and sentence.[26] In his brief, Taylor raised the following six assignments of

error:

> FIRST ASSIGNMENT OF ERROR. APPELLANT'S DUE PROCESS AND
> DOUBLE JEOPARDY RIGHTS WERE VIOLATED UNDER ARTICLE I,
> SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION AND THE FIFTH,
> SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S.
> CONSTITUTION BY STRUCTURAL AND CONSTITUTIONAL ERROR
> THAT OCCURRED WHEN EH WAS CONVICTED UPON AN
> INSUFFICIENT AND DEFECTIVE INDICTMENT THAT INCLUDED
> CARBON COPY COUNTS WITH OFFENSE DATE RANGES.
>
> Issue Presented: Was the indictment filled with carbon copy counts thereby
> violating the Appellant's due process and double jeopardy protections?
>
> SECOND ASSIGNMENT OF ERROR. THE TRIAL COURT MISAPPLIED
> THE RAPE SHIELD ACT AND VIOLATED THE APPELLANT'S 6TH
> AND 14TH AMENDMENT RIGHTS TO DUE PROCESS, TO PRESENT A
> DEFENSE AND CHALLENGE HIS ACCUSERS WHEN IT PREVENTED
> THE DEFENSE FROM CROSS EXAMINING THE VICTIM ON HER
> PRIOR FALSE ACCUSATIONS OF SEXUAL ABUSE AND EXCLUDED
> ANY EVIDENCE OR REFERENCE TO THESE PRIOR FALSE
> ALLEGATIONS.
>
> Issue Presented: Did the court violate the cited statutory an [sic] constitutional
> provisions when it granted the State's motion in limine and prohibited the
> defense form [sic] referencing, eliciting or introducing any information from

---

[25] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within
thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456,
2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[26] ECF # 13-13.

-6-

the records of two investigations conducted by Sandusky County relating to false accusations of sexual abuse by the alleged victim?

THIRD ASSIGNMENT OF ERROR. APPELLANT WAS DEPRIVED OF HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION BY PROSECUTORIAL MISCONDUCT DURING TRIAL.

Issue Presented: Did prosecutorial misconduct render the trial fundamentally unfair to Appellant?

FOURTH ASSIGNMENT OF ERROR. APPELLANT'S CONVICTIONS WERE BOTH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WERE NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

Issue Presented: Were Appellant's convictions supported by sufficient evidence, and if so, were the convictions against the manifest weight of the evidence?

FIFTH ASSIGNMENT OF ERROR. THE SENTENCE WAS CONTRARY TO LAW AND ALSO VIOLATED THE 6TH AMENDMENT TO THE U.S. CONSTITUTION.

Issue Presented: Did the court make findings and rely on a statute excited by *Foster*, while also failing to comply with *Oregon v. Ice*?

SIXTH ASSIGNMENT OF ERROR. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10, 16 OF THE OHIO CONSTITUTION.

Issue Presented: Did trial counsel render ineffective assistance that changed the result of the trial or sentence?[27]

---

[27] ECF # 13-14, at 161-62.

The State filed a reply,[28] to which Taylor responded.[29] After denying[30] Taylor's motion to supplement the record,[31] the Ohio appeals court on January 28, 2011, affirmed the judgment of the trial court and denied all the assignments of error except that relating to the sentence, remanding the matter to the trial court for resentencing of all terms except the mandatory life sentences.[32]

**2.      Supreme Court of Ohio**

On March 11, 2011, Taylor, *pro se*, timely[33] appealed to the Supreme Court of Ohio.[34] In his memorandum in support of jurisdiction, Taylor asserted the following six propositions of law:

1.      Appellant's due process and double jeopardy rights were violated under Articale [sic] 1, section 10 and 16 of the Ohio constitution and the 5th, 6th, and 14th amendments of the U.S. constitution by structial [sic] and constitutional error that occurred when he was convicted upon an insufficient and defective indictment that included Carbon Copy with offense date ranges.

---

[28] ECF # 13-15.

[29] ECF # 13-16.

[30] ECF # 13-18.

[31] ECF # 13-17.

[32] ECF # 13-19.

[33] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed. Here, the appellate judgment was entered on January 28, 2011, and the notice of appeal filed in the Supreme Court on March 11, 2011.

[34] ECF # 13-20.

2. The trial court missapplied [sic] the rape shield act and violated the Appellants [sic] 6th and 14th amendment rights to due process, to present a defense and challenge his accuser when it prevented the defense from cross examining the victim on her prior false accusations of sexual abuse and excluded any evidence or reference to those prior false allegations.

3. Appellant was deprived of his rights to a fair trial and due process of law as gauranteed [sic] by the 14th amendment to the U.S. constitution and section 16, Artical [sic] 1 of the Ohio constitution by prosecutorial misconduct during trial.

4. Appellants [sic] convictions were both against the manifest weight of the evidence and were not supported by the sufficiency of the evidence in violation of the due process clause of the 14th amendment to the U.S. constitution and Articale [sic] 1, section 10 and 16 of the Ohio constitution.

5. The sentence was contrary to law also violated the 6th amendment to the U.S. constitution.

6. Trial counsel rendered ineffective Assistance of counsel in violation of the 6th amendment to the U.S. constitution and Articale [sic] 1, section 10 & 16 of the Ohio constitution.[35]

Subsequent to the State's filing of a memorandum in opposition,[36] the Supreme Court of Ohio on May 25, 2011, denied Taylor leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[37]

The record does not show that Taylor filed for a writ of certiorari from the United States Supreme Court.

---

[35] ECF # 13-21.

[36] ECF # 13-22.

[37] ECF # 13-23.

3.     *Petition to vacate or set aside sentence, and resentencing*

Prior to the decision from the Ohio court of appeals on Taylor's direct appeal, Taylor, *pro se,* petitioned the trial court to vacate or set aside his conviction or sentence, and to obtain an evidentiary hearing.[38] Taylor raised the following grounds for relief:

Claim Number One: Due Process Violation of 5th Amendment U.S. Const; Art I, section 10 of Ohio Const; Right to Indictment by Grand Jury.

Supporting Facts: Defendant was improperly tried on facts and alleged times of offenses which had not been presented to the grand jury.

Claim Number 2: Ineffective Assistance of Counsel; failure of trial attorney to put on evidence and witnesses that would have showed I was innocent; 6th Amend; US Const; Art 2, Section 10 Ohio Const.

Supporting Facts: Trial counsel failed to either call witnesses, elicit testimony or make offers of proof from: Victoria Rader, Maria Marshall, Seth Oneal, Kelly fowler, Mike Key, Jessica Alchare (sp.), Anthony Sams, + a rep from Sandusky Co. Children's Services Mike Grider and Tim Zetzer, which would [sic] shown my innocence.

Claim Number 3: Confrontation of Adverse Witnesses + and [sic] Violation of Right to Present Complete Defense; 6th Amend, U.S. Const., Art I, Section 10, Ohio Const.

Supporting Facts: Defendant was prevented from putting on various types of testimony + evidence or eliciting [sic] cross examination testimony from the alleged victim + her mother and Seth Oneal + Mike Key.[39]

---

[38] ECF # 13- 24.

[39] *Id.*

The State filed a response in opposition,[40] and on April 2, 2010, the trial court denied all requested relief.[41]

Taylor, *pro se*, appealed that decision to the Ohio appeals court,[42] which dismissed the appeal on October 14, 2010, because Taylor had not filed a brief.[43]

As noted above, the Ohio appeals court as part of its decision on the direct appeal ordered a resentencing in this case on the non-mandatory terms. On March 17, 2011, the trial court journalized its resentencing of Taylor to multiple consecutive ten-year terms on convictions for rape, with such terms to be served consecutive to the sentences on other counts which were not affected by the remand from the appeals court.[44] Taylor did not appeal from this resentencing.

### 4. *Federal habeas petition*

On March 27, 2012,[45] Taylor, *pro se*, timely filed[46] the present petition for federal habeas relief asserting the following six grounds for relief:

---

[40] ECF # 13-25.

[41] ECF # 13-26.

[42] ECF # 13-27.

[43] ECF # 13-28.

[44] ECF # 13-29.

[45] This is the date Taylor signed his petition and placed it into the prison mail system. The petition was not received at the Court and filed until April 2, 2012. Under the so-called prison mailbox rule, the date of filing is the earlier date.

[46] ECF # 1.

**GROUND ONE**: My Due process and Double jeopardy rights were violated under the 5th, 6th, and 14th amendments to the U.S. Constitution by structural and constitutional error that occurred when I was convicted upon a insufficient and defective indictment that includes carbon copy counts and offensive date ranges.

**Supporting Facts**: Counts 1 through 5 of the indictment are exactly the same and counts 6 through 10 mirror counts 1 through 5 except the date ranges change and the under 13 years of age spec. drops off. Counts 11-18 mirror each other except for changing date ranges of six months, counts 19-22 mirror counts 11-18 minus the under 13 years of age spec. and finally counts 23-81 are exactly the same. Lastly, the lesser counts 82-141 are also identical. Before deliberations the prosecution dropped on of the lesser counts because there were 59 counts and only 58 corresponding counts, which supports my argument of the arbitrary carbon copy nature of the charges. Counts 1-22 were clearly made through estimation by the supposed victim that I allegedly raped her twice a week from Jan 2002 to May 2007 and showed her obscene material once a week during that span. Counts 23-81 are identical and represent the difference in the number of condoms I allegedly had remaining in a box of 100, I supposedly bought off the internet which no proof was found on my computer that I purchased them. She only testified to 4 counts of rape at trial. And the medical evidence don't support any of the charges brought against me. Particularly in regards to the rape charges, discrete acts were not linked to discrete allegations as required by Due process and Double jeopardy protection.

**GROUND TWO**: The trial court misapplied the rape shield act and violated my 6th and 14th amendment rights to Due process to prevent a defense and challenge my accuser when it prevented the defense from cross examining the victim on her prior false accusations to sexual abuse and excluded any evidence or reference to these prior false accusations.

**Supporting Facts**: The state asked the court to prevent me from introducing or eliciting any information from records of 2 investigations conducted by the Sandusky county department of Jobs and family services in 1994 and 1995 (SC records). In a proffer and response arguing against the state's request, I summarized yet detailed the SC records, which were provided by the state in discovery. In the first investigation the victim tendered unsubstantial allegations that her mother's boyfriend sexually abused her. The second investigation contained similar allegations against the same boyfriend. In addition to touting their impeachment value, I contend that the SC records

provided evidence of the victims motive for making up the allegations against me, like she did against her moms former boyfriend, as I would be removed from the house like her moms former boyfriend. A false accusation of rape which does not involve any sexual activity is not covered under the rape shield act. I claim that my rights to present a defense was also violated by the order as it prevented me from presenting extrinsic evidence of the victims prior false accusations of sexual abuse to establish her motive, plan, or intent to remove me from her and her mothers lifes [sic].

**GROUND THREE**: I was deprived of my rights to a fair trial and Due process of law guaranteed by the 14th amendment rights to the U.S. constitution by prosecutorial misconduct during trial.

**Supporting Facts**: The prosecutor in opening arguments actually told the jury he wanted a favorable jury so he could win, then he pointed out news articles about me and said "oh my god, big article." Once the testimony began he began propounding leading questions to virtually every witness which lacked foundation and constituted testimony on part of the prosecutor himself. In this case the direct examination of the alleged victim did not contain a limited number of leading questions, buttressed by information elicited in normal manner, but it was examination by leading and providing the witness with the answers sought. The prosecutor throughout the trial made prejudicial comments toward me, and during closing comments towards me were extensive and deliberate, and violated my rights to a fair trial. The prosecutors constant use of hearsay and eliciting opinions from his witnesses was also extensive and deliberate. Evidence was admittedly contaminated by detectives, but my attorney was not told about the contamination before trial. I was only allowed character witnesses so my witnesses could not testify to what they were brought to tell. Also it dictated which witnesses I was allowed to use. These are just some examples.

**GROUND FOUR**: My convictions were both against the manifest weight of the evidence and were not supported by the sufficiency of the evidence in violation of the Due process clause of the 14th amendment of the U.S. Constitution.

**Supporting Facts**: My convictions were both against manifest weight of the evidence and not supported by the sufficiency of the evidence. The charges were based on a story told by the victim about how many condoms I bought over the internet. No evidence was shown to support the story, the alleged condoms were not found and no evidence existed on my computer showing I

-13-

purchased them. The medical exam shows her hyman was intact so it doesn't support the charges. The condom found in the trash (I admittedly put there, I cheated on my wife with another woman) was admittedly contaminated by investigators, It was contaminated on multiple occasions. It was tested by only on (sic) swab on the outside surface, not the entire surface, and contamination was possible when dropped back into the trash and then sat on a shelf, the victim DNA from skin cells, saliva could have been present. And given the carbon copy nature of the charges I contend the state did not come forth with sufficient evidence for Due process.

**GROUND FIVE**: The sentence was contrary to law and also violated the 6th amendment to the U.S. constitution.

**Supporting Facts**: I contend that my sentence, which includes 81 maximum sentences consecutively imposed to one another is not only clearly and convincingly contrary to law but void. First the trial court plainly erred by actually relying on, applying and making factual findings. A statutory provision ruled unconstitutional and severed from the Ohio's felony sentencing code.

**GROUND SIX**: Trial counsel rendered ineffective assistance of counsel in violation of the 6th amendment to the U.S. constitution.

**Supporting Facts**: The prosecution in an unprecedented action moved the court to require trial counsel to have more experienced counsel at his side, without such assistance he said I would not receive a fair trial. The motion was denied by the court.

Trial counsel performed deficiently, which prejudiced my case, and but for these errors, the results of the proceedings would have been different. Trial counsel should have questioned the supposed victim about her prior false allegations of sexual abuse. Trial counsel should have challenged several jurors for cause who ended up on the jury because they knew witnesses for the prosecution. Trial counsel also did not object to the states consistent eliciting of hearsay and improper bolstering of its witnesses making their statements appear more credible. The trial counsel also failed to object to the prosecutions pervasive leading questions and closing arguments. Counsel said he would object to science utilized by the child abuse profiler, but did not file a Dauber motion or object when she rendered her opinions. Counsel should have objected to the child abuse profiler when she said the supposed victim filled out a booklet saying she was raped, but the booklet was not presented as

-14-

evidence. Counsel also failed to object to the prosecutor adducing testimony in redirect outside the scope of cross examination. These are just some examples.[47]

The State has filed a return of the writ maintaining that four of the six asserted grounds are waived, procedurally defaulted, or non-cognizable, and the remaining two grounds should be denied on the merits.[48] Taylor filed a traverse, which did not assert any cause for excusing the alleged procedural defaults, and further presented no new evidence of actual innocence.[49]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Taylor is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Taylor meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[50]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[51]

---

[47] *Id.*

[48] ECF # 13.

[49] ECF # 17.

[50] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[51] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

-15-

3.     In addition, Taylor states,[52] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[53]

4.     Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by presentment through one full round of Ohio's established appellate review procedure.[54]

5.     Finally, Taylor has neither requested the appointment of counsel,[55] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[56]

## B.     Standards of review

### 1.     Non-cognizable claims

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[57] Accordingly, to the extent a petitioner claims that his custody violates state law, the petitioner has failed to state a claim upon which federal habeas

---

[52] ECF # 1 at 12.

[53] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[54] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[55] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[56] 28 U.S.C. § 2254(e)(2). Although the State extensively discusses the reasons why an evidentiary hearing should not be held (ECF # 13 at 62-63), Taylor requested no such hearing in his petition.

[57] 28 U.S.C. § 2254(a).

relief may be granted.[58] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed as non-cognizable.[59]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[60] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[61] Specifically, such violations encompass only offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[62]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[63] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[64] and may not second-guess a state court's interpretation of its own procedural rules.[65] Further, while in general distinct constitutional claims of trial error

---

[58] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[59] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[60] *Estelle*, 502 U.S. at 67-68.

[61] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[62] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[63] *Id.*

[64] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[65] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

-17-

may not be cumulated to grant habeas relief,[66] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[67]

## 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[68]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

> (1)    Does a state procedural rule exist that applies to the petitioner's claim?
>
> (2)    Did the petitioner fail to comply with that rule?
>
> (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?
>
> (4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[69]

---

[66] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[67] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[68] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[69] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

-18-

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[70]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[71] In addition, a showing of actual innocence may also excuse a procedural default.[72]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[73] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[74] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[75]

---

[70] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[71] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[72] *Id.*

[73] *Id.* at 753.

[74] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[75] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-19-

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[76] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[77]

### 3.    AEDPA review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[78]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[79] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

---

[76] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[77] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[78] 28 U.S.C. § 2254(d).

[79] *Williams v. Taylor*, 529 U.S. 362 (2000).

differently than this Court has on a set of materially indistinguishable facts."[80] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[81]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[82] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[83]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[84] and "highly deferential" to the decision of the state court.[85] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

---

[80] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[81] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[82] *Williams*, 529 U.S. at 411.

[83] *Id.* at 409.

[84] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[85] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

decision."[86] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[87]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[88]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[89] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[90] In such circumstances, the federal habeas court must give deference to the decision of the state court.[91]

---

[86] *Richter*, 131 S. Ct. at 786.

[87] *Id.* at 786-87.

[88] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[89] *Richter*, 131 S. Ct. at 784-85.

[90] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[91] *Brown*, 656 F.3d at 329.

**C.    Application of standards**

**1.    *All or parts of grounds one, two, four, and five should be dismissed as non-cognizable.***

a.    *Ground One – allegedly defective indictment*

The State contends that Taylor's claim in ground one of a deficient indictment is not cognizable in a federal habeas action.[92] Essentially, the State argues non-cognizability for two reasons: (1) a defendant has no constitutional right to an indictment, and (2) Taylor's arguments of defects raise only matters of state law.[93]

As the case authority states, the indictment presents a federal constitutional issue only insofar as it fails to provide an accused with sufficient information about the offense charged to permit him to defend against the accusation.[94] "Any other deficiencies alleged in the indictment [outside of a failure to provide sufficient information about the offense charged] are solely matters of state law and so not cognizable in a federal habeas proceeding."[95]

Here, Taylor submits that multiple counts of the indictment "mirrored" or were "carbon copies" of other counts and that some counts of the indictment rested on estimates or isolated acts that did not ultimately support the allegations. [96] He asserts that proof of the

---

[92] ECF # 13 at 21.

[93] *Id.* at 21-22.

[94] *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002), *cert. denied*, 540 U.S. 853 (2003).

[95] *Id.* (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)).

[96] ECF # 1.

-23-

defective indictment can be found in the fact that the prosecution dropped charges before the jury began deliberations.[97]

In his traverse, Taylor re-states his assertion that carbon copy or multiple indictments are insufficiently particular to protect him from double jeopardy by citing two Ohio appeals court decisions dealing with multiple indictments in cases of sexual assaults that cite to decisions of the United States Supreme Court and the Sixth Circuit dealing with indictments in federal criminal cases.[98] Judge Polster recently addressed and rejected the same argument under similar circumstances in *Freeman v. Tibbals*.[99]

*Freeman* also involved an indictment under Ohio law alleging "carbon copy" counts of unlawful sexual contact with a minor and dissemination of obscene material to a juvenile.[100] Like here, the petitioner claimed that these indictments violated due process.[101] And as in this case, the petitioner relied on cases citing to the Supreme Court's holding in *Russell v. United States*[102] and the Sixth Circuit's decision in *Valentine v. Konteh*[103] for the proposition that an indictment containing multiple undifferentiated charges – *i.e.*, carbon

---

[97] *Id.*

[98] ECF # 17 at 3.

[99] *Freeman v. Tibbals*, No. 1:12-cv-2557, 2013 WL 4874112 (N.D. Ohio Sept. 11, 2013) (Polster, J.).

[100] *Id.*, at *1.

[101] *Id.*

[102] *Russell v. United States*, 369 U.S. 749 (1962).

[103] *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005).

copy counts – violates the due process rights of an accused to notice and does not afford protection against double jeopardy. In reviewing the objections to a report and recommendation from Magistrate Judge Armstrong; which concluded that the indictment was sufficient in that it apprised the defendant of the offense charged, the time period when it was alleged to have occurred, and the identity of the victim; Judge Polster, in an extensive analysis, stated:

> After having reviewed *Russell*, *Valentine*, and other relevant cases, however, the Court writes to note my agreement with two of my colleagues in the Northern District of Ohio, both of whom concluded that neither *Russell* nor *Valentine* constitute the applicable clearly established federal law for reviewing the constitutionality of state indictments. *See Lawwill v. Pineda*, No. 1:08 CV 2840, 2011 WL 1882456 (N.D.Ohio May 17, 2011) (Nugent, J.); *Coles v. Smith*, No. 1:10 cv 525, 2013 WL 474706 (N.D.Ohio Feb.7, 2013) (Oliver, J.).

> As noted in *Lawwill* and *Coles*, the undersigned cannot find, a single Supreme Court case that has invalidated, or considered the validity of, a state court conviction based on the sufficiency of a state indictment. Rather, as Judge Nugent observed,

> > [*3][T]he United States Supreme Court has held that the right to indictment by a grand jury in state court proceedings is not guaranteed by the U.S. Constitution. In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, ... (2000), the Supreme Court noted that the Fifth Amendment right to "presentment or indictment of a Grand Jury" does not extend to state court proceedings, and in McDonald v. City of Chicago, —— U.S. ——, at n. 13 ... (2010), the court reiterated that this federal right was not incorporated into the due process requirements assigned to the states through the Fourteenth Amendment. *See also Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221, 31 L.Ed.2d 536, ... (1971); *Hurtado v. California*, 110 U.S. 516, 534–35 (1884)). In fact, the Supreme Court case primarily relied on by the parties addresses the requirements for a federal indictment, which are constitutionally mandated in federal cases only. *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Although

-25-

defendants in Ohio are guaranteed the right to a grand jury indictment by the Ohio Constitution, this guarantee is not based in federal law, and therefore cannot form the basis for habeas corpus review under the AEDPA.

*Lawwill*, 2011 WL 1882456, at *5 (parallel citations omitted). *See also Coles*, 2013 WL 474706, at *6 ("The requirement that a defendant in a criminal case be charged by an indictment issued by a grand jury is required by the Fifth Amendment and is a constitutional protection that does not apply to the states.") (quoting Alexander, 405 U.S. at 633).

However, there is clear Supreme Court authority addressing the notice requirements for all criminal prosecutions generally.

The Sixth Amendment, made applicable to the states by way of the Fourteenth Amendment, guarantees all criminal defendants in state prosecutions "to be informed of the nature and cause of the accusation. *Argersinger v. Hamlin*, 407 U.S. 25, 27–28, 92 S.Ct. 2006, 32 L.Ed.2d 530, ... (1972). The Supreme Court has found that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by the charged ... are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Alabama* [sic – *State of Arkansas*], 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed. 644, ... (1948). "Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure." *Lankford v. Idaho*, 500 U.S. 110, 126, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991).[104]

As the Ohio appeals court observed, Taylor failed to preserve any issue on the indictment by failing to object prior to trial.[105] But, even on plain error review, that court noted that unlike the situation in *Valentine*, where there were multiple counts of identically worded allegations and the victim was vague as to specific times, the victim here provided

---

[104] *Freeman*, 2013 WL 4874112, at **2-3.

[105] ECF # 13-19, at 287.

specific times when Taylor abused her and corroboration with references to events, such as days when the school bus was late.[106]

Thus, to the extent that Taylor now argues in ground one that the indictment in his case needed more than to apprise him of the offense he was accused of, the identity of the victim, and the time period when the offense allegedly took, that ground does not state a cognizable claim for relief. As to any other aspect ground one not dismissed as non-cognizable, it should be dismissed as procedurally defaulted, as will be further discussed below.

b.  *Ground two – denial of right of confrontation over past investigation of earlier charges by victim of sexual misconduct*

Taylor argues here that the trial court misapplied Ohio's rape shield law by preventing him from cross-examining the victim about claims of abuse she purportedly made when she was two or three years old. This ground challenges the trial court's decision to grant the state's motion *in limine* as to investigative reports about an allegation apparently made by the victim when she was two or three concerning her mother's former boyfriend. The court found that because Taylor had not provided the court with the investigative reports at issue, it would grant the state's motion *in limine*, subject to reopening the matter if Taylor produced any report from a social service agency about a false allegation of abuse.[107]

---

[106] *Id.*

[107] *Id.*, at 288-89.

The State argues here that because there never was any mention at trial of prior abuse claims by the victim when she was two or three, nor any mention at trial of prior investigations of such claims and reports of the investigations, there was never an issue at trial to be addressed by the trial court concerning cross-examining the victim about her allegedly earlier abuse complaint.[108] The State maintains, therefore, that the state appeals court could only address the argument that the trial court's initial granting of the motion *in limine* was unreasonable – not a matter for federal habeas review.[109]

Further, the State contends that to the extent that ground two seeks to create an issue about how the trial court applied Ohio's rape shield law, that too is non-cognizable.[110] As is well-settled, a federal habeas court generally defers to a state court in its application of its own rules of evidence, and state court decisions as to the admissibility or exclusion of evidence will not be grounds for habeas relief except for when they render a trial fundamentally unfair.[111]

Here, as noted, the issue of any past complaints of abuse being undermined by prior investigations of those complaints never actually arose at trial. Thus, no Sixth Amendment right to cross-examine the victim about the truthfulness of past allegations was ever created

---

[108] ECF # 13 at 24.

[109] *Id.* at 25.

[110] *Id.* at 26.

[111] *Garrett v. Money*, 39 F.3d 1181 (6th Cir. 1994) (table decision) (citations omitted).

-28-

and so no such claim was ever presented to the Ohio appeals court for its review, nor does one now exist for this Court to consider.

The narrow question of whether the trial judge acted reasonably in granting the State's motion *in limine* is non-cognizable as purely a matter of state law, which had no bearing on any federal constitutional right.[112]

Accordingly, ground two should be dismissed as non-cognizable.

c.    *Ground four – manifest weight of the evidence*

The State asserts that ground four, which maintains that the conviction here was against the manifest weight of the evidence, should be dismissed as non-cognizable.[113] It argues that ground four combines a claim for relief from a conviction against the manifest weight of the evidence, which is non-cognizable, with a claim for relief from a conviction not supported by sufficient evidence, which is cognizable.[114]

The Sixth Circuit teaches in *Nash v. Eberlin* that,[115] when a federal *pro se* habeas litigant makes a manifest weight of the evidence claim, after presentment and adjudication in the Ohio courts, a rule of lenient construction of *pro se* pleadings applies to construe the

---

[112] *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (a claim that a state trial court abused its discretion does not, without more, state a claim for a constitutional violation).

[113] ECF # 13 at 30.

[114] *Id.*

[115] *Nash v. Eberlin*, No. 06-4059, 2007 WL 4438008, at *3 n.4, 258 F. App'x 761 (unpublished) (6th Cir. Dec. 14, 2007).

-29-

manifest weight claim as a sufficiency of the evidence claim.[116] *Nash* so reasoned because under Ohio law a finding that a conviction is supported by the manifest weight of the evidence necessarily means that it has the support of sufficient evidence.[117] Thus, in light of *Nash*, Taylor's manifest weight claim should be viewed as a sufficiency of the evidence claim and addressed on the merits.[118]

Accordingly, all of ground four will be addressed below.

### d.    *Ground five – sentencing*

Taylor here contends that the imposition of 81 maximum sentences, to be served consecutively, is not only contrary to law, but "void," and that the trial court erred by making factual findings in connection with his sentence.[119]

The State argues that the trial court resentenced Taylor after the Ohio appeals court applied *State v. Foster*[120] and concluded that Ohio trial courts no longer needed to make additional factual findings before imposing a maximum sentence. Thus, on resentencing the trial court made no additional factual findings.[121] Accordingly, the State maintains, to the extent that Taylor now seeks to base ground five on the trial judge having made

---

[116] *Id.*

[117] *Id.*

[118] *See*, *Gray v. Tibbals*, No. 1:11 CV 1056, 2013 WL 5596934, at *13 (N.D. Ohio Oct. 10, 2013) (report and recommendation).

[119] ECF # 1.

[120] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[121] ECF # 13-29, at 365.

impermissible factual findings in connection with his sentence, that claim is now moot because Taylor has been resentenced without the trial court making any additional factual findings.[122]

Moreover, the State contends that a mere allegation that Taylor received a lengthy or consecutive sentence does not state a cognizable claim for relief. First, the Supreme Court in *Oregon v. Ice*[123] has held that the Sixth Amendment does not forbid state law from allowing state judges to impose consecutive sentences.[124] Thus, the State contends, there is no cognizable claim where, as here, Ohio law authorized Taylor's consecutive sentences, and the trial court properly imposed such sentences.[125]

Accordingly, ground five should be dismissed as non-cognizable.

### 2.    All or parts of grounds one, two, three and five are waived, mooted or procedurally defaulted.

*a.    Ground one – the allegedly defective indictment*

Apart from the analysis above as to the non-cognizability of this claim for relief, ground one is also procedurally defaulted because Taylor made no objection to the

---

[122] I note that this claim is also potentially moot in light of the Supreme Court's holding in *Oregon v. Ice*, 555 U.S. 160 (2009), which found no constitutional barrier to a state law that allows the imposition of consecutive sentences after the sentencing judge makes certain factual findings. *Id.* at 164. It is, however, not necessary to reach that issue, which was not raised by either Taylor or the State.

[123] *Ice*, 555 U.S. 160.

[124] *Id.* at 169-70.

[125] ECF # 13 at 33.

indictment at trial as required by Ohio Criminal Rule 12(C)(2), and so the Ohio appeals court was restricted to conducting only a plain error analysis.

Here, as the appeals court observed, Taylor did not make any objection to the indictment prior to trial and so procedurally defaulted the issue such that the appellate court could do no more than conduct a plain error review.[126] The State notes that plain error review does not function as a waiver of the procedural default.[127]

According to the standards governing procedural defaults, Taylor has failed the first of the three co-called *Maupin* tests: he failed to object to the indictment when required to do so by Ohio rule; the Ohio appeals court relied on that failure in limiting itself to plain error review; and the Ohio rule is an adequate, independent, and regularly followed state law. Further, Taylor cannot use ineffective assistance of counsel as a cause to excuse the default, since he did not identify the failure to object to the indictment as one of the instances of ineffective assistance of trial counsel he raised to the Ohio appeals court.[128] Likewise, given the testimony of the victim at trial, there is no showing of actual innocence.

Accordingly, in addition to ground one being non-cognizable, ground one is procedurally defaulted.

---

[126] ECF # 13, Attachment at 286-87.

[127] *Osborne v. Ohio*, 495 U.S. 103, 124 (1990); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

[128] *See*, *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).

-32-

b.    *Ground two – alleged Sixth Amendment violation*

In addition to the analysis above that ground two is non-cognizable because no issue as to any report of a prior claim of abuse by the victim ever manifested itself at trial, the claim is also procedurally defaulted because, after the motion *in limine* was adjudicated, Taylor never preserved the issue at trial by supplying the court with the investigations he asserted would provide the basis for cross-examining the victim. As the appeals court noted, it would not consider matters not in the trial record.[129] Thus, to the extent that Taylor now seeks to create an issue in this Court concerning an improper limitation on a cross-examination that never took place, he waived and/or procedurally defaulted that argument by not properly raising and preserving it in the Ohio courts.[130]

In addition to the arguments on non-cognizability presented above, ground two should be dismissed as either waived or procedurally defaulted.

c.    *Ground three – prosecutorial misconduct*

To the extent that Taylor contends in ground three that the prosecutor acted improperly by asking leading questions, the State maintains that a portion of that claim is procedurally defaulted because, except for three questions, Taylor failed to make a

---

[129] ECF # 13-18, at 279-80. As the State further notes, Taylor's subsequent attempts to raise this issue in post-trial relief petitions were denied or dismissed for procedural reasons, such that any arguments here were never fairly presented to the State of Ohio through one full round of the state's established review procedure. ECF # 13 at 25, n.4.

[130] *See*, *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011) (habeas review is limited to the record before the state court which adjudicated the claim on the merits).

contemporaneous objection to any leading questions.[131] Further, the state appeals court noted that Taylor had identified the alleged improper questions only by page numbers, and not to specific questions.[132] The court, citing Ohio Appellate Rule 12(A)(2), declined to address the rest of the leading question argument because of Taylor's failure to follow that rule.[133]

As before, Taylor here failed to follow the state rule related to presenting errors to the appeals court. The state appeals court then applied that rule, which is an adequate and independent state law ground.[134] Taylor has not excused the default through cause and prejudice, or by actual innocence.

Further, as will be more extensively discussed below, Taylor modified the list of claimed prosecutorial errors by not restating some errors in his federal habeas petition that were alleged to the state court and by stating new claims in the federal petition that were never brought up in the state appellate proceeding.

Plainly, the requirement of fair presentment means that a habeas petitioner must present the same claim under the same theory to the federal habeas court as was presented

---

[131] ECF # 13 at 28-29.

[132] ECF # 13-19, at 291-92.

[133] *Id.* The appeals court also noted that with respect to the three leading questions where Taylor's trial counsel did make a contemporaneous objection, the prosecutor withdrew two questions, and the trial court sustained the objection to the third. On that thin record, the court found there was no prejudice to Taylor's case. *Id.*

[134] *Banks v. Bradshaw*, No. 1:05 CV 1141, 2008 WL 4356955, at *11 (N.D. Ohio Sept. 17, 2008) (Gaughan, J.).

to the state court.[135] Thus, where an alleged ineffective assistance of counsel claim is based on a different action of counsel in the state court proceeding than is alleged in the federal habeas action, the overall claim is not fairly presented.[136] Where state law does not provide the petitioner with another opportunity to return to state court to present the newly asserted claim to the federal court, that new claim will be deemed procedurally defaulted in the federal habeas action.[137]

Here, as the State notes, Taylor "fundamentally alters" the legal claim contained in ground three by presenting entirely new factual predicates for the assertion that the prosecutor engaged in misconduct.[138] Specifically, Taylor now contends that the condom found in the kitchen waste basket, which contained DNA from both Taylor and the victim, was contaminated, but that his attorney was never told of this.[139] Further, he maintains that it was prosecutorial misconduct to only allow character witnesses for the defense and not permit substantive testimony, and for the prosecution to "dictate[] which witnesses I was allowed to use."[140]

--------

[135] *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987).

[136] *Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003) (citing *Pillette*, 824 F.2d at 497).

[137] *Franklin v. Bradshaw*, 695 F.3d 439, 449 (6th Cir. 2012) (citation omitted).

[138] ECF # 13 at 51.

[139] ECF # 1.

[140] *Id.*

As the State details, these instances of alleged prosecutorial misconduct were not part of the claim when it was presented to the Ohio appeals court.[141] Because Taylor did not present the same claim for prosecutorial misconduct under the same theory while state-court remedies were available, the State contends that these instances of alleged prosecutorial misconduct are now procedurally defaulted and that Taylor cannot excuse the default.[142]

In his traverse, not only does Taylor fail to address the procedural default argument raised by the State, but he invites this Court to review the state court record on its own "because there are other misconduct issues I have not brought up here."[143] Plainly, that is not a response to the arguments raise by the State, nor does it present a basis for excusing the procedural defaults in this claim noted above.

Thus, for the reasons stated, those portions of ground three involving (1) allegations of prosecutorial misconduct grounded on leading questions never reviewed by the Ohio appeals court; and (2) those additional instances of prosecutorial misconduct related to purported contamination of evidence and restricting the examination of witnesses not reviewed by the Ohio appeals court; should be dismissed.

---

[141] ECF # 13 at 52. The State also details that the issue of any purported contamination of the condom was actually thoroughly litigated at trial and that Taylor's witnesses testified to more than mere character issues. *Id*.

[142] *Id.*

[143] ECF # 17 at 8.

*d.*    *Ground five – sentencing*

As related above, Taylor argues, *inter alia*, in ground five that his sentence was improper because the trial judge made factual findings as part of the process of imposing maximum sentences. The Ohio appeals court ordered Taylor resentenced without any factual findings by the trial judge. Thus, as was noted earlier, this argument about impermissible factual findings by the trial court in connection with sentencing is essentially either moot by reason of the resentencing in this case, or because of the Supreme Court's decision in *Ice*.[144] In any case, this element of ground five should be dismissed.

**3.    All or parts of grounds three, four, and six should be denied on the merits after AEDPA review because the decision of the state appeals court in denying these claims was not contrary to or an unreasonable application of clearly established federal law.**

*a.*    *Ground three – prosecutorial misconduct*

Taylor contended to the state appeals court that the prosecutor committed nine acts that amount to misconduct:

1.    Told the jury that he wanted a jury favorable to the prosecution;

2.    Pointed out to the jury a "big article" in the press about Taylor;

3.    Made an objection with no legal basis related to the rape shield law as relates to a remark by defense counsel;

4.    Asked leading questions "to virtually every witness," thereby constituting testimony by the prosecutor himself;

---

[144] The State also observes that Taylor did not appeal from his resentencing. ECF # 13 at 57.

5.      Asserted "frivolous, improper objections" that interrupted the flow of the defendant's case;

6.      Failed to qualify as experts those prosecution witnesses providing medical or scientific opinions;

7.      Asked questions on redirect examination that were beyond the scope of cross-examination;

8.      Referred to unauthenticated records of school closings and delays;

9.      Made improper comments in closing argument.[145]

Taylor, in his federal habeas petition, offers a related, but different list of nine "examples"of prosecutorial misconduct:

1.      Told the jury in opening statement that he wanted a favorable jury so he "could win;"

2.      Pointed out a news article about Taylor, with the comment, "oh my god, big article;"

3.      Leading questions to almost every witness;

4.      Direct examination of the victim was by leading questions;

5.      Extensive and deliberate prejudicial comments toward defendant throughout trial;

6.      Extensive use of hearsay;

7.      Extensive use of "contaminated evidence," but defense attorney not told of contamination;

8.      Defense was only permitted to elicit character testimony, with witnesses not permitted to "testify to what they were brought to tell;"

---

[145] ECF # 13-19, at 289-90.

9.    Prosecution "dictated what witnesses I was allowed to use."[146]

The Constitutional standard for evaluating claims of prosecutorial misconduct was re-stated recently by the Supreme Court in *Parker v. Matthews* to be whether the prosecutor's actions or comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[147] While not directly identifying this clearly established federal law, the state court in this case relied on Ohio cases holding that a jury verdict can be reversed for prosecutorial misconduct only when the conduct deprives the defendant of a fair trial.[148]

Applying that test to each claimed instance of misconduct, the Ohio appeals court first determined that most of the claimed instances of misconduct had no merit. But, the appeals court also found that while some comments of the prosecutor, in themselves, were unnecessary or even improper, it also found that because the "touchstone of this analysis is not the culpability of the prosecutor but the fairness of the trial," none of the actual instances of misconduct "could be characterized as outweighing the fairness of the trial afforded to Taylor."[149]

---

[146] ECF # 1.

[147] *Parker v. Matthews*, __ U.S. __, 132 S.Ct. 2148, 2154 (2012) (*per curiam*) (quoting *Darden v. Wainwright,* 477 U.S. 168, 181 (1986)).

[148] ECF # 13-19, at 290 (citing *State v. Carter*, 72 Ohio St.3d 545, 651 N.E.2d 965 (1995); *State v. Smith*, 14 Ohio St. 3d 13, 470 N.E.2d 883 (1984); *State v. Lollis*, No. 24826, 2010 WL 3680964 (Ohio Ct. App. 2010)).

[149] *Id.*, at 294-95.

As stated above, Taylor now invites this Court to re-litigate the claims of misconduct by independently reviewing the state court record. What he does not do is show why the decision of the state appeals court was contrary to the clearly established federal law of *Parker.* Given the deference due to the Ohio court's decision, that decision is not contrary to the relevant clearly established federal law on prosecutorial misconduct. The portion of ground three on the merits that was not previously dismissed should be denied.

b.     *Ground four – sufficiency of the evidence*

For review of the sufficiency of the evidence, the law commands deference on two levels.

As the United States Supreme Court has made clear:

We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury--not the court--to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).[150]

---

[150] *Coleman v. Johnson*, ___ U.S. ___ , 132 S. Ct. 2060, 2062 (2012). *See also*, *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. Oct. 3, 2011); *Nali v. Phillips*, 681 F.3d 837, 842 (6th Cir. 2012) (A reviewing court "do[es] not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury") citing cases.

-40-

With this legal standard in mind, the following is the state court decision on sufficiency of the evidence:

[*P44] In his fourth assignment of error, Taylor maintains that his convictions were not supported by sufficient evidence and that the jury's verdict is against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541. In reviewing sufficiency, an appellate court must examine the evidence offered at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as stated in *State v. Smith* (1997), 80 Ohio St.3d 89, 1997 Ohio 355, 684 N.E.2d 668. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560. In determining whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines "'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717.

[*P45] Without addressing each and every allegation[151] set forth by appellant, we find that based upon the evidence offered at trial, as set forth above, sufficient believable evidence was offered to prove, beyond a reasonable doubt, that appellant committed the offenses set forth in the indictment. Likewise, upon reviewing all the evidence adduced in this cause and in consideration of the credibility of the witnesses, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice in finding

---

[151] Some of these allegations have no basis in the record of this cause, *e.g.*, K.C. "lied" and "doctored a condom" so that her DNA was on the outside of it.

appellant guilty of the charged offenses. Accordingly, appellant's fourth assignment of error is found not well-taken.[152]

The state appeals court correctly cited *Jackson* as the clearly established federal law governing adjudication of a claim in insufficient evidence. The extensive discussion of the evidence supporting conviction earlier in the state court opinion establishes sufficient evidence for the jury to find Taylor guilty. In particular, as discussed above, the condom retrieved from the kitchen waste basket had DNA from only Taylor inside the condom and only DNA from the victim and Taylor outside the condom. Moreover, the victim herself testified to the dates and circumstances of the various sexual assaults, as well as to being shown pornography by Taylor.

In such a situation, and construing all evidence in a light favorable to the prosecution, Taylor has not shown the evidence insufficient to convict him. Instead, Taylor attempts to have this Court re-weigh the evidence in a light most favorable to him, on the theory that "[t]his Court has the right to overturn any dicition [sic] that infringes on our constitutional rights, which I have shown you in this argument."[153] Manifestly, that is not the appropriate standard of review for a federal habeas court, and Taylor's traverse is fatally flawed as based on that erroneous rubric.

---

[152] ECF # 13-19, at 295-96 (The state court also dealt with manifest weight of the evidence).

[153] ECF # 17 at 14.

Under the clearly established federal law of *Jackson*, as well as under the deference required by *Richter*,[154] the state appeals court decision on ground four was not an unreasonable application of clearly established federal law. Ground four, therefore, should be denied on the merits.

c.     *Ground six – ineffective assistance of trial counsel*

The constitutional standard for ineffective assistance of counsel has been summarized by the Sixth Circuit Court of Appeals as follows:[155]

> In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Thus, to prevail on an ineffective assistance of counsel claim, a petitioner "must demonstrate that counsel's representation fell below an objective standard of reasonableness and that the [petitioner] was prejudiced by the ineffective assistance of counsel." *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000) (citing *Strickland*, 466 U.S. at 687). "Representation is deficient," under the *Strickland* test, "when counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* Moreover, to satisfy the prejudice prong of *Strickland*, a petitioner "need not show that counsel's deficient conduct more likely than not altered the outcome in the case, rather, only that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lundgren*, 440 F.3d at 770

---

[154] The Supreme Court in *Parker v. Matthews*, 132 S.Ct. at 2152, recently re-emphasized the "twice-deferential standard" that is to apply in a habeas review of a state court decision denying a sufficiency of the evidence claim.

[155] As the State observes, Taylor in this claim once again seeks to bring in instances of ineffective assistance that were not presented to the state courts. ECF # 13 at 59-60. As was discussed above, additional elements to a claim that were not part of the claim as presented to the state court are procedurally defaulted in the federal habeas proceeding.

(citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 799.[156]

Moreover, the standard of review is significant.

The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable--a substantially higher threshold." *Schriro v. Landrigan*, *supra*, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed. 2d 836. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *See Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[157]

The state Court of Appeals held as follows with respect to ineffective assistance of

trial defense counsel:

[*P47] Appellant's sixth assignment of error complains that he was not afforded effective assistance of counsel as required by the Sixth Amendment to the United States Constitution. In order to substantiate a claim for ineffective assistance of counsel, Taylor must demonstrate: (1) deficient performance, that is, "errors so serious that counsel was not functioning as counsel" and (2) prejudice; specifically, "errors * * * so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S. Ct. 2052, 80 l. Ed. 2d 674. Appellant alleges numerous ways in which his trial counsel was ineffective. Nonetheless, a review of the record reveals that counsel was not deficient in the way he represented appellant. For reasons of strategy, he opted not to pursue certain matters which were not relevant to the case at hand, *e.g.*, purported prior allegations of abuse, but did pursue others that were important to undermine the prosecution's case, *e.g.*, his vigorous cross-examination of Dr. Schlievert. Of great importance is the fact that appellant fails to

---

[156] *Matthews v. Parker*, 651 F.3d 489, 508 (6th Cir. 2011) (reversed on other grounds, *Parker v. Matthews*, 132 S. Ct. 2148).

[157] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

-44-

demonstrate that absent any error made by his trial counsel the result of his trial would have been different. Therefore, appellant's sixth assignment of error is found not well-taken.[158]

The state court applied the correct constitutional standard for assessing arguments of ineffective assistance of counsel by citing and applying *Strickland*. Its reasoning and analysis in applying *Strickland* were not unreasonable. Ground six is plainly meritless under the AEDPA and should be denied.

## Conclusion

For the reasons stated above, I recommend that Raymond E. Taylor's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied in part and dismissed in part as is more fully set forth above.

Dated:  June 27, 2014                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[159]

---

[158] ECF # 13-19, at 297-98.

[159] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).